UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SIDNEY KEYS, SR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:25-cv-00318-JAR |
| BUSEY BANK, | ) ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Sidney Keys, Sr. has filed a civil complaint against Busey Bank to assert claims of racial discrimination and retaliation. He has also filed an Application to Proceed in District Court Without Prepaying Fees or Costs. (ECF No. 3). The Court has reviewed the Application, and will allow Keys to proceed in forma pauperis. The Court has also reviewed the complaint, and will dismiss this action without prejudice and deny as moot Keys's motion to appoint counsel.

**Legal Standard**

Federal law requires this Court to dismiss a complaint filed in forma pauperis if, among other reasons, it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. The Court must "accept as true the facts alleged, but not legal conclusions or

threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016).

District courts must liberally construe a layperson's complaint. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). That means that "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). But even pro se complaints must "allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone*, 364 F.3d at 914-15 (federal courts not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). And "procedural rules in ordinary civil litigation" need not be "interpreted so as to excuse mistakes by those who proceed without counsel." *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Keys has filed numerous meritless lawsuits in this Court. In the instant complaint, he identifies himself as a Missouri resident and he identifies Busey Bank as a resident of Missouri and Illinois. He states he sues Busey Bank for "racial discrimination and retaliation against a[n] . . . employee of the U.S. Postal Service and a United States Marine." *Id.* at 3 (cleaned up). He alleges as follows.

"Hertz Rental In Kirkwood Missouri" "illegally" charged Keys's Busey Bank credit card. (ECF No. 1 at 5). Keys disputed the charge, and Busey Bank closed his credit account and refused to send him a new credit card "citing fraud on my Behalf." *Id.* Provided with the complaint are copies of bank documents, and a copy of a March 6, 2025 letter to Keys from

2

the Missouri Department of Social Services concerning a report of concern about Keys's children.

After filing the complaint, Keys submitted two additional filings. (ECF Nos. 4-5). In the first, Keys states that Hertz charged an African American woman a $500 security hold, but charged a Caucasian man $200. Keys claims that amounted to "a blunt bigotry racial discrimination crime." (ECF No. 4 at 2). Keys provided other documents as well but fails to explain how they relate to any claim he asserts against Busey Bank. Keys states he seeks monetary relief.

## Discussion

Federal law provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts." 42 U.S.C. § 1981(a). To "make and enforce contracts" includes "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). To assert a claim under § 1981, a plaintiff must allege, among other things, that: (1) he was a member of a protected class; and (2) the defendant acted with discriminatory intent. *Yang v. Robert Half Int'l, Inc.*, 79 F.4th 949, 962 (8th Cir. 2023).

Here, Keys states in a conclusory fashion that Busey Bank subjected him to racial discrimination, but he alleges no facts that would ground an inference that Busey Bank acted with discriminatory intent. Keys also states in a conclusory fashion that Busey Bank retaliated against him, but he alleges no facts that would state a plausible claim for relief. Keys's bald assertions of discrimination and retaliation are legal conclusions that the Court need not accept as true. *See Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *Brown v. Green Tree*

*Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (court must accept factual allegations in complaint as true but is not required to "accept as true any legal conclusion couched as a factual allegation"). Keys does not identify, and his allegations cannot be construed under, any other potential theory of recovery.

The Court concludes that the complaint fails to state a claim upon which relief may be granted and will dismiss this action without further proceedings. *See* 28 U.S.C. § 1915(e)(2)(B). The Court cautions Keys to stop repeatedly filing meritless litigation, as doing so could be interpreted as an attempt to abuse the judicial process and waste this Court's resources. Finally, the Court finds there would be no non-frivolous basis to argue that this case should not be dismissed, so the Court will certify that an appeal would not be taken in good faith.

Accordingly,

**IT IS HEREBY ORDERED** that Sidney Keys, Sr.'s Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that Sidney Keys, Sr.'s motion to appoint counsel (ECF No. 2) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 9th day of April, 2025.

                                                               JOHN A. ROSS
                                                               SENIOR UNITED STATES DISTRICT JUDGE